1  PAUL S. PADDA, ESQ.
   Nevada Bar No. 10417
2  **PAUL PADDA LAW**
   4560 S. Decatur Blvd., Suite 300
3  Las Vegas, Nevada 89103
   Telephone: (702) 707-7000
4  Email: psp@paulpaddalaw.com
   **-and-**
5  BRIAN J. PERKINS, ESQ.
   Application for PHV Admission to be filed
6  **PEIFFER WOLF CARR KANE
   CONWAY & WISE**
7  555 Montgomery Street, Suite 820
   San Francisco, California 94111
8  Telephone: (415) 766-3544
   Email: bperkins@peifferwolf.com
9
   *Attorneys for Plaintiff*
10
                  **UNITED STATES DISTRICT COURT**
11
                  **FOR THE DISTRICT OF NEVADA**
12
   JANE DOE (an individual),
13
                                    Plaintiff,        **Case No.** _____
14
                       vs.
15
                                                      **COMPLAINT WITH JURY DEMAND**
16 STATE OF NEVADA ex rel. BOARD OF
   REGENTS for the NEVADA STATE SYSTEM
17 OF HIGHER EDUCATION on behalf of
   UNIVERSITY OF NEVADA RENO; and
18 CADEN FLETCHER (an individual),
19
                                    Defendants.
20
21      **NOW COMES** Plaintiff, by and through her attorneys, Brian J. Perkins of PEIFFER
22 WOLF CARR KANE CONWAY & WISE, and Paul S. Padda of PAUL PADDA LAW, who
23 hereby complain of defendants, STATE OF NEVADA ex rel. BOARD OF REGENTS for the
24 NEVADA STATE SYSTEM OF HIGHER EDUCATION ("NSHE") on behalf of UNIVERSITY
25 OF NEVADA RENO ("UNR"), and CADEN FLETCHER (individually) as follows:
26 //
27 //
28
                                        1

## **PRELIMINARY STATEMENT AND INTRODUCTION**

1.   This is a civil action for equitable and monetary relief for injuries sustained by Plaintiff as a result of the acts, conduct, and omissions of the State of Nevada ex rel. Board of Regents for the Nevada State System of Higher Education ("NSHE") on behalf of University of Nevada Reno ("UNR"), its respective employees, representatives, and agents, and Caden Fletcher ("Fletcher"), (collectively "Defendants"), relating to sexual assault and nonconsensual sexual touching and harassment by defendant Fletcher against Plaintiff.

2.   The sexual assault and nonconsensual sexual touching and harassment of Plaintiff took place on the UNR campus in July 2023. At the time of the offenses, Plaintiff was an incoming freshman student at UNR participating in freshman orientation activities.

3.   On July 20, 2023, Plaintiff, Fletcher, and other incoming freshmen, who were part of the overnight orientation program, were required to stay on campus in a UNR dormitory. During the evening hours of July 20, 2023, into the early morning hours of July 21, 2023, a large party formed within dormitory rooms and common areas that involved drinking and drug use.

4.   During the party, upon information and belief, Plaintiff was surreptitiously drugged by Fletcher, causing her to lose consciousness. Once Plaintiff was unconscious, Fletcher violently raped Plaintiff.

5.   The acts, conduct, and omissions of Fletcher and of UNR and its employees, representatives, and agents, and its policies, customs, and practices with respect to providing a save environment to the incoming students in its care, custody, and control severely compromised the safety and health of Plaintiff and resulted in the violent sexual assault and nonconsensual touching and harassment of Plaintiff by Fletcher, which has been devastating for Plaintiff and her family.

6.   This action arises from Defendants' blatant disregard for Plaintiff's federal and state rights, and Defendants' deliberately indifferent and unreasonable response to a dangerous condition within its dormitory.

//

//

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

# JURISDICTION AND VENUE

7.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

8.   This action is brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et seq*. ("Title IX"), as more fully set forth herein.

9.   This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

10. Subject matter jurisdiction is founded upon 28 U.S.C. § 1331 which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

11. Subject matter jurisdiction is also founded upon 28 U.S.C. § 1343 which gives district courts original jurisdiction over any civil actions authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens of all persons within the jurisdiction of the United States, and any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

12. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under state law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

13. These claims are cognizable under the United States Constitution, 42 U.S.C. § 1983, 20 U.S.C. §1681 *et seq*, and under Nevada law.

14. The events giving rise to this lawsuit occurred in Washoe County, Nevada, which sits in the Reno Division of the District of Nevada.

15. Venue is proper in the United States District Court for the District of Nevada, Reno Division, pursuant to 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which the events giving rise to the claims occurred.

//

PFEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

## PARTIES

16. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

17. Plaintiff Jane Doe is an adult female and is a resident of California.[1]

18. Defendant State of Nevada ex rel. Board of Regents for the Nevada State System of Higher Education on behalf of University of Nevada Reno was at all relevant times and continues to be a public educational institution located in Reno, Nevada. It is governed by the Nevada System of Higher Education, and therefore, the NHSE is responsible for all actions of UNR throughout the entirety of the relevant actions detailed herein. Throughout this complaint, all references to UNR should be read as also being references to this defendant, unless stated otherwise.

19. At all times relevant to this action, UNR, through NHSE has received, and continues to receive, federal funding and financial assistance within the meaning of 20 U.S.C. § 1681(a) and is otherwise subject to Title IX and Title VI.

20. Defendant Caden Fletcher is an adult male and at all relevant times was a resident of California.

## BACKGROUND and FACTUAL ALLEGATIONS

21. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

22. In 2023, Plaintiff graduated from high school and had been accepted to UNR where she was scheduled to live on campus and attend classes beginning in the fall of 2023.

23. Plaintiff was an exceptional high school student who graduated as a salutatorian and had many options for college. She chose UNR because of its reputation as Nevada's flagship public university and primary land grant research university. Plaintiff also chose UNR because of its proximity to her home, as she had a close relationship with her family.

24. The summer of 2023 began as an exciting time in Plaintiff's life, as she looked forward to beginning her studies and living away from home for the first time.

---

[1] Plaintiff intends to file a motion seeking leave to proceed in pseudonym for all pretrial purposes subsequent to the filing of this complaint and jury demand.

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

25. In preparation for the transition to college, UNR requires incoming freshmen to participate in either a single-day orientation or an overnight orientation. Plaintiff chose to participate in the overnight orientation to help her learn more about campus life and meet new friends.

26. On July 19, 2023, Plaintiff and her parents drove to UNR and stayed together in a hotel room.

27. The next morning, July 20, 2023, Plaintiff began her orientation activities. These activities were separate from her parents who participated in programs for the parents of incoming freshmen.

28. The orientation began with the assignment of a student orientation leader and an orientation group.

29. Throughout the morning, Plaintiff attended workshops and toured the school, housing facilities, dining facilities, and the fitness center. The entire orientation group then ate lunch together in a dining hall. In the afternoon, Plaintiff attended additional activities that included team building workshops.

30. In the afternoon sessions, Plaintiff was in a group that included Fletcher.

31. Plaintiff and others noted that the student orientation leaders spent a lot of time on their phones and were mostly disengaged when not actively conducting a tour or group activity.

32. That evening, Plaintiff and the other incoming freshman in the orientation group arrived at the Nevada Living Learning Community ("NLLC") dormitory on campus. Plaintiff was assigned to one of the NLLC's six-person dormitory suites on the fifth floor. Her suite included a common area, shower rooms, a toilet room, and three bedrooms with doors. Fletcher was also assigned to a dormitory suite on the same floor as Plaintiff.

33. The student orientation leaders who were with the incoming freshman throughout orientation also stayed at the NLLC, serving as the supervisors for the overnight portion of the program. However, the student orientation leaders mostly sat together at the dorm playing on their phones. There were no student orientation leaders assigned to stay within the six-person dormitory suite that Plaintiff was assigned to.

34. The incoming freshmen were able to enter and exit the NLLC without a key or keycard – the doors were left unlocked. Within the suites, bedroom doors were left unlocked, and students were not provided with key cards to work the locks, although the doors could lock from the inside.

35. When entering the NLLC, incoming freshmen were not required to check in with anyone. There was no security guard or doorman monitoring who entered or left the building. There was no inspection of people or their bags and property upon entering. Everyone was permitted to come and go freely without any interaction with the student orientation leaders.

36. At one point during the evening, Fletcher and another incoming freshman, Tavion Hightower ("Hightower"), acquired alcohol and brought it to their dorm room. Soon a large party developed in Flether's dormitory suite. While this suite was separated from the common hallway by a door, dozens of people attended the party. As the size of the party increased, people at the party filled the bedrooms, common areas, and it eventually spilled out into the hallway and general common areas of the fifth floor of the NLLC.

37. Most of the incoming freshmen who attended the party were consuming the alcohol provided by Fletcher and Hightower. Some were also smoking marijuana with vape pens. Others consumed cocaine and MDMA in the bathroom.

38. At no time during the party did any of the student orientation leaders check in on Plaintiff or the other people at the party. The only known contact between the student orientation leaders and the people attending the party was a request for everyone to go to sleep during the early morning hours of July 21, 2023. By that time, Plaintiff was already unconscious.

39. Some of the incoming freshmen invited friends to the party who lived in the area but had no affiliation with UNR. These unaffiliated people were able to enter the NLLC through the unlocked doors and were able to access the party on the 5th floor without interference.

40. Plaintiff attended the party and had been drinking water from her water bottle. At one point, she left her water bottle unattended so she could use the restroom within the dormitory suite. She returned from the bathroom and continued to drink from the water bottle. Soon after, she has no memory of the rest of the night.

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

41. Plaintiff's next memory is waking up on the morning of July 21, 2023 on the floor of her dorm suite. Plaintiff was on the floor of the common area of the dormitory suite on the carpet near the sinks without any blanket or pillow. Upon information and belief, Plaintiff was placed there by Fletcher after he raped her. Plaintiff was groggy but quickly noticed that her underwear was on backwards. Plaintiff felt ill and went to the bathroom where she vomited twice. She then noticed that her eyes were bloodshot, her pupils were dilated, and her legs were covered in bruises.

42. Plaintiff felt severe pain in her vagina and anus, and it became apparent to her that she had been both vaginally and anally raped.

43. Upon information and belief, Plaintiff's water bottle had been spiked with a drug that caused her to lose consciousness.

44. During the subsequent investigation by UNR Police Department, witnesses were able to describe Plaintiff's intoxicated condition after she had been drugged. Because UNR permitted a party to occur within the dormitory where alcohol and drugs were openly consumed, other students wrongly assumed Plaintiff voluntarily became intoxicated and bystanders failed to recognize that Plaintiff had been drugged by Fletcher.

45. The sexual assault of Plaintiff was facilitated by UNR's deliberate indifference to the safety of students attending its freshman orientation. UNR failed to ensure adequate supervision, enforcement of drug and alcohol policies, and safeguards against known risks of sexual violence in dormitory settings.

46. Fletcher exploited UNR's lack of oversight and used the cover or the unregulated and disorderly environment of the dormitory party to administer a date rape drug to Plaintiff. The prevailing atmosphere of intoxication among other students at the party allowed Fletcher to drug Plaintiff without detection or intervention.

47. Fletcher confessed to police that he had sexual intercourse, orally and vaginally, with Plaintiff on July 21, 2023, at approximately 2:00 a.m.

48. UNR Police concluded that due to Plaintiff's inability to consent, Fletcher committed an act of felony sexual assault in violation of NV Rev. Stat. § 200.366.

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

49. Inexplicably, despite the recommendation of charges by UNR Police, the Washoe County District Attorney's Office did not bring charges against Fletcher, Hightower, or any of the UNR student orientation leaders or employees.

50. As a result of the sexual assault, Plaintiff withdrew from UNR and was unable to attend school in the fall of 2023 as she worked to recover from the physical and mental trauma she suffered.

51. In retaliation for reporting the sexual assault to law enforcement, in the months and years that followed his attack, Fletcher and several of his friends and family engaged in multiple acts of witness intimidation against Plaintiff and her friends.

52. Upon information and belief, despite his confession, Fletcher was not disciplined by UNR and remains an active student at the university.

53. Title IX provides that no "person in the United States shall, on the basis of sex, be excluded from participation in, denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance …" 20 U.S.C. § 1681(a).

54. Sexual harassment, including sexual assault and rape, can constitute impermissible gender discrimination under Title IX. *See, Davis v. Monroe Cnty. Bd. Of Educ.*, 526 U.S. 629, 649-50 (1999).

55. A 2007 study by the U.S. Department of Justice ("The Campus Sexual Assault Study") concluded that college students were at an elevated risk of sexual assault and that 19% of women (nearly 1 in 5) reported experiencing completed or attempted sexual assault since entering college.[2]

56. As early as November 2, 2000, the Department of Education issued guidance making it the responsibility of Institutions of Higher Education to remedy hostile environments, including campus-wide hostile environments, by updating their policies, procedures, and student training. While this guidance was rescinded by the Trump administration, Universities were on notice of

---

[2] Christopher Krebs, et al., U.S. Dep't of Justice, Bureau of Justice Statistics, *Campus Climate Survey Validation Study: Final Technical Report*, at 107 (2016), https://www.bjs.gov/content/pub/pdf/ccsvsftr.pdf§

PFEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

both the elevated risk of sexual assault on campus and the remedies that should be implemented to maximize safety and ensure equal access to education.

57. Despite knowing these risks and remedies, UNR intentionally created a campus environment where sexual assaults are foreseeably more likely to occur than they would in the absence of their policies, customs, and practices.

58. This is particularly true during freshman orientation where universities owe a high duty of care to new students who are unfamiliar with campus norms and are susceptible to peer pressure and misconduct.

59. This case is not the only instance of UNR's failure to protect students.[3] Critically, *USA Today* reported UNR as one of six schools that refused to provide data regarding the handling of sexual misconduct complaints under Title IX.[4] More than 100 of the nation's top public universities were asked about this information. USA Today reported that when asked for this information, the Title IX office did not have the information "on hand" and did not "have the resources to gather the information at this time." [5]

60. Further, UNR has been met with protests of alleged rape and sex trafficking in 2023 during the institution's 150th anniversary with a groundbreaking ceremony for a new business building.[6] This event was editorialized by *This is Reno* stating "[c]ritics of UNR said the institution has a pattern of burying complaints, sometimes never informing complainants of the results of investigations."[7] Additionally, this news outlet reported that the students who led the demonstration

---

[3]Hope Loudon, *I Fought for Title IX Change at UNR in 2015 and it Only got Worse (opinion)*, This is Reno, Oct. 10,2023, https://thisisreno.com/2023/10/i-fought-for-title-ix-change-at-unr-in-2015-and-it-only-got-worse-opinion/.

[4] Kenny Jacoby, *These 6 Universities Kept Title IX Sexual Misconduct Data Secret*, USA Today, Dec. 8, 2022, https://www.usatoday.com/story/news/investigations/2022/11/23/6-universities-title-ix-sexual-misconduct-data-secret/10761735002/.

[5] Id.

[6] Kristen Hackbarth, *Video: UNR Groundbreaking Ceremony Met by Protest of Alleged Rape, Sex Trafficking*, This is Reno, Oct. 13, 2023, https://thisisreno.com/2023/10/video-unr-groundbreaking-ceremony-met-by-protest-of-alleged-rape-sex-trafficking/.

[7] Id.

said they're fed up with the university's lack of response and transparency with recent rape, sexual assault and discrimination complaints.

61. Also, in response to the lack of response of UNR, in October 2023, the Nevada Faculty Alliance wrote to UNR President Brian Sandoval regarding the mishandling of various Title IX violations, including sexual harassment, discrimination, and retaliation.[8]

62. Broadly speaking, UNR created an unsafe campus environment during the 2023 freshman orientation in three key ways: (1) UNR's screening, training, and supervision of student orientation leaders was grossly inadequate; (2) UNR failed to implement and enforce drug and alcohol controls; and (3) UNR acted with deliberate indifference to known risks of sexual violence on campus.

63. UNR delegated the supervision of vulnerable incoming freshman, many away from home for the first time, to student orientation leaders who were ill-equipped and poorly trained. Throughout the orientation on July 20, 2023, these student orientation leaders spent much of their time separate from the incoming freshman, disengaged, distracted by personal devices, and indifferent to their duties.

64. By placing the responsibility for student safety in the hands of untrained, unsupervised students, UNR fostered a lax and unsafe environment ripe for misconduct.

65. Despite clear legal and institutional prohibitions on alcohol and drug use in dormitories, UNR failed to enforce these rules during orientation. Students, and non-students, were able to enter the dormitories through unlocked doors and without any procedure for check-in. The student orientation leaders allowed alcohol, marijuana, cocaine, MDMA, and a date rape drug to enter the dormitory without detection or deterrence. This indicates the absence of any meaningful policy enforcement or security protocols.

66. This lack of oversight was not a random failure – it was systemic. The absence of a check-in procedure, inspections, bag checks, or presence of adult staff created an unregulated party

---

[8] Jim New, *NSHE Inequities and Misplaced Protection*, NEVADA FACULTY ALLIANCE (Oct. 10, 2023, 9:37 AM), https://www.nevadafacultyalliance.org/NewsArchive/1326536.

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

1  environment that exposed students to illegal substances and created a foreseeable risk of sexual

2  assault. UNR's passive tolerance functionally enabled a culture of lawlessness in a setting it was

3  duty-bound to control.

4      67. Aware of the heightened risk of sexual violence during freshman orientation, especially in

5  overnight dormitory settings where supervision is minimal and the risk of alcohol and substance

6  use is high, UNR failed to take reasonable steps to prevent foreseeable harm, such as deploying

7  professional staff, establishing clear safety protocols, and/or educating students on consent,

8  bystander intervention, and reporting.

9      68. UNR's failure to take reasonable, available measures to ensure a safe environment not only

10  emboldened those who brought alcohol and drugs into the dormitory but directly enabled the

11  environment in which Plaintiff was drugged and raped.

12      69. The UNR Student Code of Conduct outlines conduct that violates the University

13  Community standards.[9] UNR states that a violation of these standards may subject a student to

14  disciplinary sanctions under the Code. From July 20-21, 2023, Fletcher participated in the

15  following prohibited conduct as outlined in the UNR Student Code of Conduct:

16          a.  Disorderly conduct;

17          b.  Lewd conduct;

18          c.  The use of, or threat to use, force, violence, intimidation, blackmail, coercion,

19              and/or conduct that threatens or endangers the health or safety of any member or

20              guest of the University Community;

21          d.  Acts of physical force or disruptive acts which interfere with institutional activities,

22              freedom of movement on the campuses, freedom for students to pursue their

23              studies, freedom of speech, freedom to be heard, and freedom to pursue research of

24              their own choosing;

25          e.  Use, possession, brew, manufacture, and/or distribution of alcoholic beverages

26              without authorization;

27  _____

28  [9] https://www.unr.edu/student-conduct/student-code-of-conduct/section-iii, last accessed July 9, 2025.

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

f.  Use, possession, brew, manufacture, and/or distribution of alcoholic beverages by a person less than 21 years of age;

g.  Public intoxication;

h.  Use, possession, cultivation, manufacturing, and/or distribution of marijuana, unauthorized controlled substances, and/or unauthorized prescription drugs, and drug paraphernalia on any University, NSHE, or NSHE foundation owned or leased property, or at any University of NSHE sponsored or authorized activity;

i.  Use, possession, manufacture, distribution, and/or purchase of unauthorized controlled substances, and/or unauthorized prescription drugs by an unauthorized person on any University, NSHE, or NSHE foundation owned or leased property, or at any University of NSHE sponsored or authorized activity;

j.  Acts of Sexual Harassment under Title IX; and

k.  Acts of Sexual Violence.

70. The failure of UNR to take meaningful disciplinary action against Fletcher represents a broader institutional failure to provide a safe educational environment. Rather than protecting its students, UNR's silence and passivity functioned as an endorsement of the violence committed, retraumatizing Plaintiff and sending a clear message that sexual assault will be tolerated on its campus.

71. This inaction constitutes deliberate indifference under Title IX.

### FIRST CAUSE OF ACTION
#### *SEXUAL ASSAULT*
#### (AGAINST DEFENDANT FLETCHER)

72. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

73. The acts committed by Fletcher against Plaintiff described herein constitute sexual assault in violation of NV Rev. Stat. § 200.366.

74. Fletcher subjected Plaintiff to sexual penetration against her will or at a time when he knew or should have known that Plaintiff was mentally and physically incapable of resisting or understanding the nature of his conduct.

12

75. Fletcher sexually assaulted Plaintiff by nonconsensual and unwanted oral, vaginal, and digital penetration.

76. Plaintiff did not and could not consent to the sexual contact.

77. As a direct and/or proximate result of Fletcher's sexual assault, Plaintiff suffered discomfort, bleeding, acquired an STI/STD, and continues to suffer pain of mind and body, shock, emotional and psychological distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, lack of trust, acute anxiety, shame, loss of ability to perform activities and obtain the full enjoyment of life, difficulty in sustaining intimate relationships, familial distress, reduced desire to pursue educational and professional goals, and severe depression which constitutes a life-threatening illness; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling to address the mental anguish and despair caused by defendant's actions.

### SECOND CAUSE OF ACTION
### *BATTERY*
### (AGAINST DEFENDANT FLETCHER)

78. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

79. The acts committed by Fletcher against Plaintiff described herein constitute battery in violation of NV Rev. Stat. § 200.481.

80. Fletcher subjected Plaintiff to willful and unlawful use of force or violence against her will.

81. Fletcher sexually assaulted Plaintiff by nonconsensual and unwanted oral, vaginal, and digital penetration.

82. Plaintiff did not and could not consent to the battery.

83. As a direct and/or proximate result of Fletcher's battery, Plaintiff suffered discomfort, bleeding, acquired an STI/STD, and continues to suffer pain of mind and body, shock, emotional

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

and psychological distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, lack of trust, acute anxiety, shame, loss of ability to perform activities and obtain the full enjoyment of life, difficulty in sustaining intimate relationships, familial distress, reduced desire to pursue educational and professional goals, and severe depression which constitutes a life-threatening illness; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling to address the mental anguish and despair caused by defendant's actions.

### THIRD CAUSE OF ACTION
#### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*
### (AGAINST DEFENDANT FLETCHER)

84. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

85. Fletcher sexually assaulted Plaintiff by nonconsensual and unwanted oral, vaginal, and digital penetration.

86. In committing acts of sexual assault as described above, Fletcher exhibited conduct that is extreme, outrageous, and/or reckless in nature.

87. Fletcher's conduct was intentional or reckless as he knew Plaintiff had been drugged, knew Plaintiff had lost consciousness and was unable to consent, and committed acts of sexual assault at a time when Plaintiff was unconscious and unable to consent.

88. Fletcher's conduct has caused and continues to cause Plaintiff to suffer emotional and psychological distress.

89. As a direct and/or proximate result of Fletcher's battery, Plaintiff suffered discomfort, bleeding, acquired an STI/STD, and continues to suffer pain of mind and body, shock, emotional and psychological distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, lack of trust, acute anxiety, shame, loss of ability to perform activities and obtain the full enjoyment of life, difficulty in sustaining intimate relationships, familial distress, reduced desire to pursue educational and

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

professional goals, and severe depression which constitutes a life-threatening illness; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling to address the mental anguish and despair caused by defendant's actions.

**FOURTH CAUSE OF ACTION**
***VIOLATIONS OF TITLE IX - 20 U.S.C. § 1681(a), et seq.***
**(AGAINST DEFENDANT UNR)**

90.  Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

91. Title IX's statutory language states, "No *person* in the United States shall on the basis of sex, be … subject to discrimination under any education program or activity receiving Federal financial assistance …"[10]

92. Plaintiff is a "person" under the Title IX statutory language.

93. Defendant UNR receives federal financial assistance for its education program and is therefore subject to the provisions of Title IX of the Education act of 1972, 20 U.S.C. § 1681(a), *et seq*.

94. The U.S. Department of Education's Office of Civil Rights has explained that Title IX covers all programs of a school and extends to sexual harassment and assault by employees, students, and third parties.[11]

95. Defendant Fletcher's actions and conduct, and the conduct of the student orientation leaders and other UNR employees responsible for the July 20 – 21, 2023 freshmen orientation,

---

[10] U.S. Dept. of Ed., Office of Civil Rights, Dear Colleague Letter: Sexual Violence, April 4, 2011, n.11 ("Title IX also protects third parties from sexual harassment or violence in a school's education programs and activities."). Available at https://www2.ed.gov/about/offices/list/ocr/letters/colleague-201104.pdf. Last accessed, July 9, 2025.

[11] U.S. Dept. of Ed., Office of Civil Rights, Questions and Answers on Title IX and Sexual Violence, Apr. 29, 2014, at 1, 3, https://www2.ed.gov/about/offices/list/ocr/docs/qa-201404-title-ix.pdf. Last accessed July 9, 2025.

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

were carried out under UNR's New Student Orientation program and are therefore covered by Title IX.

96. Defendant Fletcher's sexual assault of Plaintiff constitutes sex discrimination under Title IX.

97. Defendant UNR failed to carry out their duties under Title IX both prior to, during, and after the sexual assault.

98. Prior to and during the sexual assault of Plaintiff, UNR failed to adequately screen, train, and supervise the student orientation leaders to minimize the risk of student-on-student sexual assaults during freshmen orientation activities.

99. Prior to and during the sexual assault of Plaintiff, UNR also failed to implement and enforce strict rules regarding the consumption of alcohol and drugs by underage incoming freshmen at orientation.

100.    Prior to and during the sexual assault of plaintiff, at a time when UNR knew that their lax enforcement of school policies posed a substantial risk of sexual assault to the incoming freshman, UNR failed to take reasonable steps to prevent this foreseeable harm, such as deploying professional staff, establishing clear safety protocols, and/or educating students on consent, bystander intervention, and reporting.

101.    UNR acted with deliberate indifference to the increased risk of sexual assault on university campuses and further acted with deliberate indifference by creating a campus environment where sexual assault is even more likely to occur by:

   a. failing to properly investigate and address prior reports of sexual harassment and sexual assault as required by Title IX;

   b. failing to institute corrective measures after reports exposed UNR for its historical failures to properly investigate and prior reports of sexual harassment;

   c. failing to institute corrective measures after reports exposed UNR for retaliating against sexual assault survivors for reporting Title IX violations;

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

    d.   by its deliberate and repeated failures to enforce protections guaranteed by Title IX and the United States Constitution, creating a campus environment where sexual predators believed they could commit sexual offenses with impunity;

    e.   by its deliberate and repeated failures to enforce protections guaranteed by Title IX and the United States Constitution, creating a campus environment where survivors of sexual harassment and sexual assault were discouraged from reporting violations which created a hostile and dangerous campus;

    f.   failing to warn incoming freshmen and their parents regarding the increased risk of sexual assault on campus caused by UNR;

    g.   failing to implement and enforce reasonable safety measures to protect the incoming freshmen who attended overnight orientation from sexual predators;

    h.   failing to properly screen, train, and supervise the student orientation leaders charged with the safety of incoming freshman who attended overnight orientation;

    i.   failing to implement and enforce reasonable drug and alcohol controls;

    j.   failing to protect and supervise the incoming freshmen who participated in the overnight orientation program;

102.    UNR also acted with deliberate indifference after the sexual assault of Plaintiff in its lack of a proper response to Plaintiffs report of sexual assault by failing to take reasonable disciplinary measures against Fletcher.

103.    UNR's response was clearly unreasonable as Fletcher, while attending UNR without suffering any consequences for his actions, engaged in and encouraged repeated acts of witness intimidation against Plaintiff and her family.

104.    UNR's failure to promptly and appropriately investigate and remedy and respond to the sexual assault after the report, police investigation, and Fletcher's confession to sexual conduct with Plaintiff, subjected Plaintiff to further harassment as well as a hostile environment and resulted in her withdrawal from UNR – effectively denying her access to educational opportunities at UNR.

105.    As a direct and/or proximate result of UNR's actions and/or inactions, Plaintiff suffered discomfort, bleeding, acquired an STI/STD, and continues to suffer pain of mind and body, shock, emotional and psychological distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, lack of trust, acute anxiety, shame, loss of ability to perform activities and obtain the full enjoyment of life, difficulty in sustaining intimate relationships, familial distress, reduced desire to pursue educational and professional goals, and severe depression which constitutes a life-threatening illness; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling to address the mental anguish and despair caused by defendant's actions.

## FIFTH CAUSE OF ACTION
### *VIOLATION OF CIVIL RIGHTS - 42 U.S.C. § 1983*
### (AGAINST DEFENDANT UNR)

106.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

107.    Plaintiff, as a female, is a member of a protected class under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

108.    Plaintiff enjoys the constitutionally protected Due Process right to be free from the invasion of bodily integrity through sexual assault, abuse, or molestation.

109.    At all relevant times, UNR was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Nevada and the Board of Regents for the Nevada State System of Higher Education on behalf of the University of Nevada Reno.

110.    The acts as alleged above amount to a violation of these clearly established constitutionally protected rights, of which reasonable persons in UNR's position should have known.

111.    UNR has the ultimate responsibility and authority to train and supervise its employees, agents, and/or representatives, in the appropriate manner of detecting, reporting, and

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

1  preventing sexual assault and as a matter of acts, custom, policy, and/or practice, failed to do so

2  with deliberate indifference.

3     112.    As a matter of custom, policy, and/or practice, UNR had and have the ultimate

4  responsibility and authority to investigate complaints against their employees, agents, students,

5  visitors, faculty, staff, and other employees, agents, and /or representatives, and historically failed

6  to properly do so with deliberate indifference resulting in a campus environment where the risk of

7  sexual assault is more likely to occur.

8     113.    As a matter of custom, policy, and/or practice, UNR had and have the ultimate

9  responsibility and authority to ensure a campus environment where the risk of sexual assault is

10  minimized and to take all reasonable steps to minimize the risk of this foreseeable harm.

11     114.    As of July 20, 2023, UNR systematically failed to adequately and properly

12  investigate numerous complaints of sexual assault on campus by:

13          a.    failing to perform a timely and thorough investigation into all reported acts of

14               improper sexual conduct at UNR; and

15          b.    failing to thoroughly review and investigate all policies, practices, procedures, and

16               training materials related to ongoing reports of improper sexual conduct at UNR;

17     115.    UNR created a campus environment where sexual assault was more likely to occur

18  by failing to appropriately respond to ongoing reports of improper sexual conduct at UNR in a

19  manner that was so clearly unreasonable it amounted to deliberate indifference, and therefore,

20  UNR is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

21     116.    The creation of a campus environment where sexual assault was more likely to

22  occur, the failure to prevent the sexual assault of plaintiff, and the failure to appropriately respond

23  to Plaintiff's report of the sexual assault was so clearly unreasonable it amounted to deliberate

24  indifference and UNR is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

25     117.    UNR is also liable to Plaintiff under 42 U.S.C. § 1983 for maintaining customs,

26  policies, and practices which deprived Plaintiff of rights secured by the Fourteenth Amendment to

27  the United States Constitution in violation of 42 U.S.C. § 1983.

28

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

118.    UNR tolerated, authorized, and/or permitted a custom, policy, practice, or procedure of insufficient supervision and failed to adequately screen and train its employees and further failed to implement and enforce policies that would minimize the risk of sexual assault during freshmen orientation with the result that Fletcher was allowed to violate the rights of Plaintiff with impunity.

119.    As a direct and/or proximate result of UNR's actions and/or inactions, Plaintiff suffered discomfort, bleeding, acquired an STI/STD, and continues to suffer pain of mind and body, shock, emotional and psychological distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, lack of trust, acute anxiety, shame, loss of ability to perform activities and obtain the full enjoyment of life, difficulty in sustaining intimate relationships, familial distress, reduced desire to pursue educational and professional goals, and severe depression which constitutes a life-threatening illness; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling to address the mental anguish and despair caused by defendant's actions.

**SIXTH CAUSE OF ACTION**
***FAILURE TO TRAIN AND SUPERVISE - 42 U.S.C. § 1983***
**(AGAINST DEFENDANT UNR)**

120.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

121.    UNR had the ultimate responsibility and authority to train and supervise its employees, agents, and/or representatives including student orientation leaders and all faculty and staff regarding their duties toward students, faculty, staff, and visitors.

122.    With deliberate indifference, UNR failed to train and supervise its student orientation leaders, employees, agents, and/or representatives including all faculty and staff, regarding the following duties:

   a.   perceive, report, and stop inappropriate sexual conduct on campus;

   b.   provide diligent supervision over students, including incoming freshmen;

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

    c.   report suspected incidents of sexual harassment and sexual assault;

    d.   ensure the safety of all students, including incoming freshmen, faculty, staff, and visitors to UNR's campus;

    e.   provide a safe environment for all students, including incoming freshmen, faculty, staff, and visitors to UNR's campus free from sexual harassment and sexual assault; and

    f.   properly train faculty and staff to be aware of their individual responsibility for creating and maintaining a safe environment.

123.    The above list of duties is not exhaustive.

124.    As a result, UNR deprived Plaintiff or rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

125.    As a direct and/or proximate result of UNR's actions and/or inactions, Plaintiff suffered discomfort, bleeding, acquired an STI/STD, and continues to suffer pain of mind and body, shock, emotional and psychological distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, lack of trust, acute anxiety, shame, loss of ability to perform activities and obtain the full enjoyment of life, difficulty in sustaining intimate relationships, familial distress, reduced desire to pursue educational and professional goals, and severe depression which constitutes a life-threatening illness; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling to address the mental anguish and despair caused by defendant's actions.

**SEVENTH CAUSE OF ACTION**
***NEGLIGENCE***
**(AGAINST DEFENDANT UNR AND DEFENDANT FLETCHER)**

126.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

127.    UNR owed Plaintiff a duty of ordinary care to ensure her safety and freedom from sexual assault while attending mandatory freshmen overnight orientation at UNR.

128.    Fletcher owed Plaintiff a duty of ordinary care to ensure he did not violate her safety and freedom from sexual assault while attending mandatory freshmen overnight orientation at UNR.

129.    UNR was on notice regarding the elevated risk of sexual assault against women on college campuses both from national studies and from its own receipt of ongoing reports of sexual assault at UNR.

130.    UNR knew that its student orientation leaders were ill-equipped, poorly trained, and inadequately supervised, creating an environment ripe for misconduct.

131.    UNR knew that it was not prepared to enforce prohibitions on alcohol and drug use in dormitories, including during freshmen overnight orientation programs.

132.    UNR knew that it did not have any meaningful policy enforcement or security protocols regarding persons entering and leaving dormitories during freshmen overnight orientation programs.

133.    UNR knew that it failed to take reasonable steps to prevent foreseeable harm to students at freshman orientation, such as deploying professional staff, establishing clear safety protocols, and/or educating students on consent, bystander intervention, and reporting.

134.    UNR knew that it failed to take reasonable, available measures to check on the safety of students staying in dormitories during freshmen overnight orientation programs.

135.    This knowledge caused UNR to be fully aware of the foreseeability of sexual abuse against students during freshmen overnight orientation programs.

136.    UNR breached its duty of ordinary care by:

    a.    failing to properly investigate and address prior reports of sexual harassment and sexual assault as required by Title IX;

    b.    failing to institute corrective measures after reports exposed UNR for its historical failures to properly investigate and prior reports of sexual harassment;

    c.    failing to institute corrective measures after reports exposed UNR for retaliating against sexual assault survivors for reporting Title IX violations;

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

d.  by its deliberate and repeated failures to enforce protections guaranteed by Title IX and the United States Constitution, creating a campus environment where sexual predators believed they could commit sexual offenses with impunity;

e.  by its deliberate and repeated failures to enforce protections guaranteed by Title IX and the United States Constitution, creating a campus environment where survivors of sexual harassment and sexual assault were discouraged from reporting violations which created a hostile and dangerous campus;

f.  failing to warn incoming freshmen and their parents regarding the increased risk of sexual assault on campus caused by UNR;

g.  failing to implement and enforce reasonable safety measures to protect the incoming freshmen who attended overnight orientation from sexual predators;

h.  failing to properly screen, train, and supervise the student orientation leaders charged with the safety of incoming freshman who attended overnight orientation;

i.  failing to implement and enforce reasonable drug and alcohol controls;

j.  failing to protect and supervise the incoming freshmen who participated in the overnight orientation program;

137.    Fletcher's conduct in drugging and sexually assaulting Plaintiff was a breach of his duty to use ordinary care.

138.    As a direct and/or proximate result of UNR and Fletcher's actions and/or inactions, Plaintiff suffered discomfort, bleeding, acquired an STI/STD, and continues to suffer pain of mind and body, shock, emotional and psychological distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, lack of trust, acute anxiety, shame, loss of ability to perform activities and obtain the full enjoyment of life, difficulty in sustaining intimate relationships, familial distress, reduced desire to pursue educational and professional goals, and severe depression which constitutes a life-threatening illness; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur, expenses for medical and psychological

treatment, therapy, and counseling to address the mental anguish and despair caused by defendant's actions.

## EIGHTH CAUSE OF ACTION
### *NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*
### (AGAINST DEFENDANT UNR)

139.     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

140.     Through the actions and inactions of UNR listed above, UNR allowed Fletcher to be in a position where he could sexually assault Plaintiff.

141.     A reasonable person would not expect UNR to create a campus environment where sexual assault was more likely to occur.

142.     A reasonable person would expect UNR to warn incoming freshmen and their families about the dangerous campus environment it created.

143.     A reasonable person would not expect UNR to allow student orientation leaders who were ill-equipped, poorly trained, and inadequately supervised to be in charge of student safety during orientation.

144.     A reasonable person would not expect UNR to be incapable of enforcing prohibitions on alcohol and drug use in dormitories, including during freshmen overnight orientation programs.

145.     A reasonable person would not expect UNR to not have any meaningful policy enforcement or security protocols regarding persons entering and leaving dormitories during freshmen overnight orientation programs.

146.     A reasonable person would not expect UNR to fail to take reasonable steps to prevent foreseeable harm to students at freshman orientation, such as deploying professional staff, establishing clear safety protocols, and/or educating students on consent, bystander intervention, and reporting.

147.     A reasonable person would not expect UNR to fail to take reasonable, available measures to check on the safety of students staying in dormitories during freshmen overnight orientation programs.

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

148.    UNR's conduct as described above was intentional and/or reckless.

149.    As a direct and/or proximate result of UNR's actions and/or inactions, Plaintiff suffered discomfort, bleeding, acquired an STI/STD, and continues to suffer pain of mind and body, shock, emotional and psychological distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, lack of trust, acute anxiety, shame, loss of ability to perform activities and obtain the full enjoyment of life, difficulty in sustaining intimate relationships, familial distress, reduced desire to pursue educational and professional goals, and severe depression which constitutes a life-threatening illness; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling to address the mental anguish and despair caused by defendant's actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

150.    Compensatory damages in an amount to be determined as fair and just, including but not limited to medical expenses, loss of earnings, mental anguish, anxiety, humiliation, embarrassment, violation of Plaintiff's Constitutional, Federal, and State rights, loss of social pleasure, and enjoyment, and other damages to be proved;

151.    Punitive and/or exemplary damages in an amount to be determined as reasonable and just by the trier of fact;

152.    Reasonable attorneys fees, interest, and costs; and

153.    Other declaratory, equitable, and/or injunctive relief, including but not limited to implementation of institutional reform and measures of accountability to ensure the safety and protection of incoming students, students, and other individuals, as appears to be reasonable and just.

PEIFFER WOLF CARR KANE
CONWAY & WISE
555 Montgomery Street, Suite 820
San Francisco, CA 94111
415.766.3544 phone • 415.840.9435 fax

154.    Pursuant to the Seventh Amendment of the Constitution and Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues and causes of action set forth in this Complaint.

**PAUL PADDA LAW**

By:    /s/ *Paul S. Padda*

_____
Paul S. Padda

**PEIFFER WOLF CARR KANE
CONWAY & WISE LLP**

By:    _____
Brian J. Perkins

*Attorneys for Plaintiff*

Dated:  July 17, 2025